Counsel for Plaintiff/Petitioner<br>
Supreme Ct. No. 0019442<br>
Timothy A. Wilson

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **EARL INGELS,** | : | CASE NO. C-1-00-1003 |
| Plaintiff/Petitioner, | : | *(Honorable S. Arthur Spiegel)* |
| -vs- | : | |
| **HARRY K. RUSSELL,** and **ANTHONY J. BRIGANO** | : | |
| Defendants/Respondents. | : | |

### PETITIONER'S SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS

Comes now Plaintiff/Petitioner Earl Ingels, by and through counsel, and respectfully amends as a matter of course the Amended Petition for Writ of Habeas Corpus filed with this Court on December 15, 2000 to include additional grounds for relief in this habeas corpus proceeding.

Petitioner Earl Ingels has revised Form AO 241, Petition under 28 USC Section 2254 for Writ of Habeas Corpus by a person id State Custody, to reflect this second amendment. A copy of this form is attached hereto.

Respectfully submitted,<br><br>
_____<br>
Timothy A. Wilson (0019442)

14 Driftwood Street
No. 5
Marina del Rey, CA 90292

### CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing document was sent via regular mail on this 14th day of January, 2004, to Stuart A. Cole, Ohio Attorney General Correction Litigation Section, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215.

Timothy A. Wilson

AO 241  (Rev. 5/85)

# PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

(If petitioner is attacking a judgment which imposed a sentence to be served in the future, petitioner must fill in the name of the state where the judgment was entered. If petitioner has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion under 28 USC § 2255, in the federal court which entered the judgment.)

## PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

*Instructions—Read Carefully*

(1) This petition must be legibly handwritten or typewritten, and signed by the petitioner under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

(2) Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

(3) Upon receipt of a fee of $5 your petition will be filed if it is in proper order.

(4) If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute form AO 240 or any other form required by the court, setting forth information establishing your inability to pay the costs. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your personal account exceeds $ _____ , you must pay the filing fee as required by the rules of the district court.

(5) Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

(6) Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

(7) When the petition is fully completed, the original and at least two copies must be mailed to the Clerk of the United States District Court whose address is

Office of the Clerk
Potter Stewart U.S. Courthouse, Room 324
100 East Fifth Street
Cincinnati, Ohio 45202

(8) Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

AO 241 (Rev. 5/85)

**SECOND AMENDED**
**PETITION UNDER 28 USC § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District Southern District of Ohio |
|---|---|
| Name Earl Ingels | Prisoner No. 362-813 / Case No. C-1-00-1003 |

Place of Confinement

Warren Correctional Institute, Warren County Ohio

Name of Petitioner (include name under which convicted)    Name of Respondent (authorized person having custody of petitioner)

Earl Ingels    V.    Anthony Brigano & Harry K. Russell

The Attorney General of the State of: Ohio

### PETITION

1. Name and location of court which entered the judgment of conviction under attack

    Hamilton County Court of Common Pleas, Cinicnnati, Ohio

2. Date of judgment of conviction    7/20/1998

3. Length of sentence    44 years, 6 months

4. Nature of offense involved (all counts)
    Kidnapping (4 counts, 2 with specifications that kidnapping was sexually motivated), Gross Sexual Imposition (2 counts), Abduction (1 count), Attempted Abduction (1 count).

5. What was your plea? (Check one)
    (a) Not guilty    ☒
    (b) Guilty    ☐
    (c) Nolo contendere    ☐
    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
    (a) Jury    ☒
    (b) Judge only    ☐

7. Did you testify at the trial?
    Yes ☐    No ☒

8. Did you appeal from the judgment of conviction?
    Yes ☒    No ☐

(2)

AO 241   (Rev. 5/85)

9. If you did appeal, answer the following:

   (a) Name of court   Court of Appeals of Ohio, First District, Hamilton County Ohio

   (b) Result   Conviction Affirmed

   (c) Date of result and citation, if known   December 3, 1999 - Nos. C-980673, C-980674, WL 1488934

   (d) Grounds raised
       Prosecutorial Misconduct

   (e) If you sought further review of the decision on appeal by a higher state court, please answer the following:

       (1) Name of court   Ohio Supreme Court

       (2) Result
           Motion for Delayed Direct Appeal was Denied.

       (3) Date of result and citation, if known   Septemeber 10, 2003

       (4) Grounds raised
           See Exhibit "A", attached hereto

   (f) If you filed a petition for certiorari in the United States Supreme Court, please answer the following with respect to each direct appeal:

       (1) Name of court

       (2) Result

       (3) Date of result and citation, if known

       (4) Grounds raised

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any court, state or federal?
    Yes ☑   No ☐

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court   Court of Appeals of Ohio, First District, Hamilton County Ohio

        (2) Nature of proceeding
            Application for Reopening Appeal

        (3) Grounds raised
            See Exhibit "A", attached hereto

(3)

AO 241   (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☑

(5) Result  Denied

(6) Date of result  September 8, 2003

(b) As to any second petition, application or motion give the same information:

(1) Name of court

(2) Name of proceeding

(3) Grounds raised

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐
(5) Result

(6) Date of result

(c) Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?
(1) First petition, etc.     Yes ☑   No ☐
(2) Second petition, etc.   Yes ☐   No ☑

(d) If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not:
Defining the second petition as The Application to Reopen Appeal : The Motion for Delayed Direct Appeal filed with The Ohio Supreme Court and The Application to Reopen Appeal filed with Court of Appeals of Ohio, First District, Hamilton County Ohio were filed simultaneously.

12. State *concisely* every ground on which you claim that you are being held unlawfully. Summarize *briefly* the *facts* supporting each ground. If necessary, you may attach pages stating additional grounds and *facts* supporting same.
CAUTION: In order to proceed in the federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

(4)

AO 241    (Rev. 5/85)

For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them. However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.
(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A.  Ground one:
    Denial of effective assistance of appeals counsel.

   Supporting FACTS (state *briefly* without citing cases or law):
   Appeals counsel only raised one issue on appeal, i.e., prosecutorial misconduct. This issue is a difficult one as the standard for misconduct is quite high. While the appeals court was very critical of the prosecutor, it would not grant relief. In addition to prosecutorial misconduct, there were numerous other errors at the trial that were grounds for appeal, including ineffective assistance of trial counsel. Apparently, this was not raised as a result of a conference between appeals counsel and truial counsel. Subsequent to this trial, trial counsel was suspended from practicing law in Ohio. She has reportedly moved out of state and has not been reinstated to practice in Ohio.

B.  Ground two:
    Denial of effective assistance of trial counsel

   Supporting FACTS (state *briefly* without citing cases or law):
   1. Failure of the defense counsel to bring a motion to suppress the drug evidence obtained in a highly suspect manner after an illegal search, a legal search pursuant to a warrant failed to produce any such drug evidence and after a break-in of defendant's house had occurred;
   2. Failure of the defense counsel to bring a motion to suppress other evidence that was not properly tied to the defendant and that was also highly prejudicial;
   3. Failure of defense counsel to move the trial court to have all side bar conferences on the record. This resulted in an incomplete record and according to the record many key decisions were made by the court after the issues were discussed at sidebar conferences;
   7. The failure of trial counsel to object to the admission of certain highly prejudicial evidence;
   8. The failure of the defense counsel to object to the admission of certain medical reports and lab tests that were admitted without having a proper foundation laid;
   9. Failure of defense counsel to file a motion for acquittal.

(5)

AO 241   (Rev. 5/85)

C. Ground three:
Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

Supporting FACTS (state *briefly* without citing cases or law):
There is a witness who observed the police inside petitioner's residence prior to the granting of a search warrant. There is a record of a breaking and entering prior to the issuance of a search warrant. At the time of the breaking and entering, petitioner was incarcerated. As a result, the primary physical evidence, drugs found behind a picture in petitioner's residenmce, used to convict petitioner was fruit of the poision tree. No evidence was presented that this evidence was actually the property of petitioner or that he had even handled it. Interestingly, this evidence was found by petitioner's daughter-in-law, who by all accounts despised petitioner and wanted him out of her husband's life. As this evidence was used to convict petitioner and the trial court sentenced him to 44 years, 6 months, the daughter-in-law, if she was involved with tah evidence, certainly achieved this goal. This possibility was not raised at trial.

D. Ground four:
Failure of the trial court to have all sidebar conferences placed on the record.

Supporting FACTS (state *briefly* without citing cases or law):
Sidebar conferences were not placed on the record. However, many of the trial court's rulings on various motions and othe matters were made as the result of a sidebar conference. The trial court should have had the court reporter at every side bar in order to prreserve a complete and accurate record of the proceedings. As a result, it is impossible to determine the basis for many of the court's rulings and whether trial counsel presented effective arguments on behalf of petitioner at the side bar conferences.

See Exhibit "A", attached hereto for additional grounds in support of this petition, which grounds were raised with The Ohio Supreme Court and The Court of Appeals of Ohio, First District, Hamilton County Ohio.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:
None of the above grounds were presented in the initial appeal. The sole issue raised in the appeal was prosecutorial misconduct. However, all of the above grounds were presented to The Court of Appeals of Ohio, First District, Hamilton County Ohio and to The Ohio Supreme Court in applications and motions filed respectively with these courts. Both courts refused to hear oral argument so as a result Petitioner has had no forum in which to properly present either the errors that occured at trial or the claim of ineffective assistance of appeals counsel.

14. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ☐   No ☑

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing


(b) At arraignment and plea

(6)

AO 241    (Rev. 5/85)

    (c) At trial
        Joni Turner, at that time with Holbrook and Associates, 1400 Fourth and Race Tower, 105 West Fourth Street, Cincinnati, Ohio 45202.

    (d) At sentencing
        Joni Turner, at that time with Holbrook and Associates, 1400 Fourth and Race Tower, 105 West Fourth Street, Cincinnati, Ohio 45202.

    (e) On appeal
        Edward O. Keller, 6645 Colerain Avenue, Suite B, Cincinnati, Ohio 45239

    (f) In any post-conviction proceeding
        H. Louis Sirkin, Sirkin, Pinales, Mezibov & Schwartz LLP, 105 W. 4th Street, Siute 920, Cincinnati, Ohio 45202-2726

    (g) On appeal from any adverse ruling in a post-conviction proceeding
        Timothy A. Wilson, 14 Driftwood Street, No. 5, Marina del Rey, CA 90292

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☑
    (a) If so, give name and location of court which imposed sentence to be served in the future:

    (b) Give date and length of the above sentence:

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☑

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

                                                          Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

   1/14/2004
     Date
                                                          Signature of Petitioner

(7)

## Exhibit "A" to Second Amended Petition for Writ of Habeas Corpus filed with Case No. C-1-00-1003

1. Ineffective assistance of appellate counsel;
2. The ineffective assistance of trial counsel;
3. Abuse of discretion of the trial judge in not ordering separate trials for each count that arose from a different set of facts involving eight (8) different women, which testimony is so convoluted that it could have only confused and prejudiced the jury against the defendant resulting in a conviction based on quantity rather than quality;
4. Abuse of discretion of the trial judge in allowing the prosecution to call witnesses during the defense's case in chief and not only did the defense counsel fail to object to this, but agreed to it;
5. Failure of the defense counsel to bring a motion to suppress the drug evidence obtained in a highly suspect manner *after* an illegal search, a legal search pursuant to a warrant failed to produce any such drug evidence and *after* a break-in of defendant's house had occurred;
6. Failure of the defense counsel to bring a motion to suppress other evidence that was not properly tied to the defendant and that was also highly prejudicial;
7. Failure of the trial court to have all side bar conferences on the record as well as the failure of defense counsel to ask that this be done, resulting in an incomplete record as according to the record many key decisions were made by the court after the issues were discussed at sidebar conferences;
8. Errors of the trial court in allowing certain highly prejudicial evidence to be admitted and the failure of trial counsel to object to the admission of such evidence;
9. Failure of the defense counsel to object to the admission of certain medical reports and lab tests that were admitted without having a proper foundation laid;
10. Abuse of the trial court's discretion in allowing the admission into evidence of certain medical reports and lab tests without first requiring a proper foundation to be laid;
11. Ineffective and incomplete cross-examination by the defense counsel of virtually every witness for the prosecution;
12. Failure of the defense counsel to do a proper investigation into the background and motivations of the primary witnesses and alleged victims, almost all of whom were strippers and alcoholics or drug addicts or in rehab for their abuse of alcohol or drugs;
13. Failure of defense counsel to file a motion for acquittal.