Timothy Wilson (0019442)
14 Driftwood Street, #5
Marina Del Rey, CA 90292
(310)936-1668
(310)362-8772; fax

## MOTION FOR DELAYED APPEAL

03-1160

### IN THE SUPREME COURT OF OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | APPEAL NO. C-980673 |
| | : | C-980674 |
| Plaintiff-Appelle, | : | |
| | : | TRIAL NO. B-9800321 |
| vs. | : | B-9802147 |
| | : | |
| EARL INGELS | : | |
| | : | ON COMPU... |
| Defendant-Appellant, | : | |

ON APPEAL FROM A DECISION AND ENTRY OF THE HAMILTON COUNTY
COURT OF APPEALS FIRST APPELLATE DISTRICT MOTION FOR
LEAVE TO FILE DELAYED APPEAL IN A FELONY CASE

Now comes Defendant-Appellant, Earl Ingeles, through counsel and hereby moves this Court for leave to file a delayed appeal in a felony case. This motion is made pursuant to the procedure set forth in Rule II2(A)(4), Rule of Practice of the Supreme Court of Ohio. This motion is supported by affidavit attached hereto. A notice was filed concurrently with this motions.

Respectfully Submitted,

FILED
JUL 0 1 2003
MARCIA J. MENGEL, CLERK
SUPREME COURT OF OHIO

Timothy A. Wilson
Counsel for Defendant-Appellant

EXHIBIT
A

1

## MEMORANDUM IN SUPPORT

The judgment appealed from was entered by the Court of Appeal First Appellate District of Ohio, Hamilton County, Ohio on December 3, 1999. As a result of the ineffective assistance of appellate counsel Defendant-Appellant's initial appeal was denied. At that time and all times thereafter, Defendant-Appellant was and has remained incarcerated and as such has had limited access to the outside world. In addition Defendant-Appellant has had and continues to have available only very limited financial resources. As a result of these limitations Defendant-Appellant has had a long and difficult time in securing counsel to proceed on his behalf to pursue additional available appeals remedies.

Ultimately, Defendant-Appellant was able to secure counsel to review the entire record and on December 4, 2000 and as amended on December 15, 2000, said counsel filed with U.S. District Court For the Southern District of Ohio Western Division a petition for Habeus Corpus,

On March 21, 2003 the District Court adopted the Magistrate Judge's report and affirmed the recommendation in its entirety, to administratively stay Defendant-Appellant's habeas corpus petition. The Court ordered that such stay shall be conditioned upon Defendant-Appellant's pursuing of his state remedies within 30 days of this Order and upon Defendant-Appellant's filing a motion to reinstate the case on this Court's active docket within 30 days after exhausting his state remedies. Defendant-Appellant shall be granted leave to move to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies and complied with both conditions of the stay.

As a result of Defendant-Appellant inability to make subsequent payments requested by counsel who filed the Writ for Habeus Corpus prior to the expiration of the original 30 days Defendant-Appellant was once again forced to change counsel. Current counsel has agreed to represent Defendant-Appellant for the purpose of this request for a delayed appeal. Subsequently motions for extension of time were filed by current counsel and granted by the U.S. District Court.

Simultaneously with the filing of this motion, Defendant-Appellant is filing an Application for Delayed Consideration with the Court of Appeal First Appellate District of Ohio, Hamilton County, a copy of this filling is submitted herewith.

Wherefore, Defendant-Appellant by and through his counsel for the reasons set forth above and in the affidavit submitted herewith in order to afford Defendant-Appellant due process of law and allow for a complete review of his Constitutional Rights respectfully requests this Court grant this motion for delayed appeal.

Respectfully Submitted,

Timothy Wilson (0019442)
14 Driftwood Street, #5
Marina Del Rey, CA 90292
(310)936-1668
(310)362-8772; fax

## CERTIFICATE OF SERVICE

I certify that on June 26, 2003 a copy of this Notice of Appeal was sent by ordinary U.S. mail to counsel for appellee, Michael Allen, State of Ohio 230 E. Ninth Street, Suite 7000, Cincinnati, OH 45202; Stuart A. Cole, Esq, Ohio Attorney General Office, Correction Litigation Section 140 East Town Street, 14th Floor, Columbus, OH 94321.

Dated _____

_____
Timothy A. Wilson
Counsel for Defendant-Appellant

# AFFIDAVIT

State of California
County of Los Angeles

I, Timothy A. Wilson, being duly sworn to the best of my knowledge state the following:

1. On February 20, 1998, the defendant-appellant was indicted for the following offenses under case numbers B-9800321 and B-9802147; under case number B-9800321, six (6) counts of kidnapping in violation of R.C. §2905.01, one count of sexual battery in violation of R.C. §2907.05, one count of sexual battery in violation of R.C. §2907.03. Under case number B-9802147, the Defendant-Appellant was indicted on two counts of kidnapping, one count of attempted kidnapping and one count of gross sexual imposition. There were eight (8) victims involved regarding these charges.

One July 20, 1998, this matter was tried to a jury before the Honorable Thomas H. Crush. The Defendant-Appellant was found guilty of four counts of kidnapping - two with the specification of sexual motivation, two counts of gross sexual imposition, one count of abduction and one count of attempted abduction.

The Defendant-Appellant was sentenced under case number B-9800321 to nine years to life on two kidnapping charges to run consecutively, one and one-half years on one count of gross sexual imposition to rune concurrently with the kidnapping charge and four years incarceration on an abduction charge to run consecutive to the nine (9) to life kidnapping sentence.

Under case number B-9802147, Defendant-Appellant was sentenced to nine (9) years consecutive on count three, kidnapping, one (1) year incarceration on count four, gross sexual imposition, to run concurrent with count three and one (1) year incarceration on count five, attempted abduction, to run consecutive with count three.

2. These convictions were subsequently appealed and grounds for said appeal were limited to that of prosecutorial misconduct. On December 3, 1999, Court of Appeals First Appellate District of Ohio entered a judgment affirming the decision of the trial court.

3. After conviction of Defendant-Appellant and during the pendency of his appeal Defendant-Appellant has been incarcerated in the Warren County Correctional Institution in Lebanon Ohio. As a result of said incarceration Defendant-Appellant has had limited access to the outside world making it extremely difficult to try to find competent counsel. This Defendant-Appellant's search for competent counsel has been further exacerbated by his limited financial resources.

4. Sometime in late 2002 Defendant-Appellant was able to secure the services of counsel for the purposes of filing the Petition for Habeus Corpus in U.S. District Court in Cincinnati, Ohio. It was only after this counsel's review of the record that it became apparent that counsel who filed the appeal on behalf of Defendant-Appellant had not raised many of other errors and issues that should have been raised.

5. On March 21, 2003 the District Court adopted the Magistrate Judges report and affirmed the recommendation in its entirety, to administratively stay Defendant-Appellant's habeas corpus petition. The Court order that such stay shall be conditioned upon Defendant-Appellant's filing a motion to reinstate the case on this Court's active docket within 30 days after exhausting his state remedies. Defendant-Appellant shall be granted leave to move to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies and complied with both conditions of the stay.

6. As a result of the judgment entered by the U.S. District Court Defendant-Appellant by and through present counsel has filed motions to extend the time set forth in the District Court's judgment, that Court has granted such motions.

7. The motion to which this affidavit is attached is timely filed pursuant to the extensions of time granted by the U.S. District Court.

Further affiant sayeth naught.

Dated: _____

_____
Timothy A. Wilson

State of California
County of Los Angeles

Sworn, affirmed and subscribed to by Timothy A. Wilson, who appeared before me, _Steven K. Conlon_, a notary public in and for the State of California and in my presence said Timothy A. Wilson subscribed and affixed his signature to the above affidavit.

_____
Notary Public

STEVEN K. CONLON
Commission # 1234562
Notary Public - California
Los Angeles County
My Comm. Expires Sep 13, 2003

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,

    Plaintiff-Appellee,

Vs.

EARL INGELS,

    Defendant-Appellant.

ENTERED
DEC - 3 1999
IMAGE 66

APPEAL NOS. C-980673
                    C-980674
TRIAL NOS. B-9800321
                    B-9802147

JUDGMENT ENTRY

This cause having been heard upon the appeal, the record and briefs filed herein and arguments, and

Upon consideration thereof, this Court Orders that the judgment of the trial court is affirmed for the reasons set forth in the Decision filed herein and made a part hereof.

Further, the Court holds that there were reasonable grounds for this appeal, allows no penalty and Orders that costs are to be taxed in compliance with App. R. 24.

The Court further Orders that 1) a copy of this Judgment with a copy of the Decision attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution pursuant to App. R. 27.

**To The Clerk:**

Enter upon the Journal of the Court on December 3, 1999 per Order of the Court.

By: _____

*Acting* **Presiding Judge**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                          :    APPEAL NOS. C-980673
                                                         C-980674
    Plaintiff-Appellee,             :    TRIAL NOS. B-9800321
                                                         B-9802147
    vs.                              :
                                             *DECISION.*
EARL INGELS,                             :

                                              PRESENTED TO THE CLERK
    Defendant-Appellant.             :    OF COURTS FOR FILING

                                                   DEC - 3 1999
Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed                COURT OF APPEALS

Date of Judgment Entry on Appeal: December 3, 1999


*Michael K. Allen*, Hamilton County Prosecuting Attorney, and *Thomas J. Boychan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Edward O. Keller*, for Defendant-Appellant.

ENTERED
DEC - 3 1999
IMAGE  67

## OHIO FIRST DISTRICT COURT OF APPEALS

*Per Curiam.*

Defendant-appellant Earl Ingels appeals from his conviction on four counts of kidnapping, two with specifications that the kidnapping was sexually motivated, two counts of gross sexual imposition, one count of abduction, and one count of attempted abduction. Ingels's sole assignment of error is that prosecutorial misconduct in closing argument deprived him of a fair trial before a jury. Although the trial techniques of defense counsel and the assistant prosecutor fell below the expected threshold of professionalism, we hold that, in light of the overwhelming evidence of guilt, the prosecutor's improper comments did not deprive Ingels of a fair trial.

Ingels was accused of drugging and committing sexual acts on eight female job applicants. He contends that, despite his objections, the trial court permitted numerous improper comments by the assistant prosecutor in her closing argument. Specifically, he argues that the prosecutor appealed to the jury's sympathy for the victims, stressed the nature of the crimes rather than the evidence linking Ingels to them, claimed defense counsel impeded access to exhibits admitted at trial, characterized defense objections as desperate acts, introduced her husband to the jury during the rebuttal portion of closing argument, and invited the jury to answer questions posed by the defense in contravention of the trial court's role in instructing the jury.

The test for whether prosecutorial misconduct may serve as the basis for reversing a conviction is whether the prosecutor's remarks were improper and, if so, whether they prejudicially affected substantial rights of the accused. See *State v. Bey* (1999), 85 Ohio St.3d 487, 493, 709 N.E.2d 484, 493; see, also, *State v. Lott* (1990), 51 Ohio St.3d 160, 555 N.E.2d 293. The linchpin of the analysis is "whether the conduct complained of

2

ENTERED
DEC - 3 1999
IMAGE 68

deprived the defendant of a fair trial." *State v. Fears* (1999), 86 Ohio St.3d 329, 332, 715 N.E.2d 136, 143, citing *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 24, 514 N.E.2d 394, 400.

Upon review of the record, it is clear that both defense counsel and the prosecutor, prompted by their own personal animosity for one another, engaged in conduct not suited to officers of the court. See *State v. Smith* (1984), 14 Ohio St.3d 13, 14, 470 N.E.2d 883, 885. Defense counsel's scorched-earth tactics included her cross-examination of a state's witness on matters wholly outside the issues, and asking whether the prosecutor had an adulterous affair with the Prosecuting Attorney of Hamilton County.

While a prosecutor may be entitled to respond to defense counsel's argumentative assertions, see, *e.g.*, *State v. Mason* (1998), 82 Ohio St.3d 144, 694 N.E.2d 932, and *State v. Daniels* (1993), 92 Ohio App.3d 473, 636 N.E.2d 336, he or she cannot engage in improper conduct. Here, taken in context, all challenged comments, save one, fall within the wide latitude afforded the prosecutor when commenting upon the testimony and suggesting the conclusions to be drawn therefrom. See *State v. Liberatore* (1982), 69 Ohio St.2d 583, 433 N.E.2d 561; see, also, *State v. Goodwin* (1999), 84 Ohio St.3d 331, 703 N.E.2d 1251.

The latitude given the prosecutor does not, however, include inviting the jury to reach its verdict on matters outside the evidence. See *State v. Lott* (1990), 51 Ohio St.3d 160, 166, 555 N.E.2d 293, 300. During the rebuttal phase of closing argument, the prosecutor introduced her husband, seated in the courtroom, as a victim of defense counsel's salacious allegation of infidelity. Regardless of whether this remark, as the state argues, was "invited" by defense counsel or whether the trial court

3

ENTERED
DEC - 3 1999
IMAGE 69

**OHIO FIRST DISTRICT COURT OF APPEALS**

prosecutor to proceed because it had earlier in the trial permitted defense counsel to comment on her husband's employment by the sheriff, this charade was palpably improper. As the supreme court has stated, "[T]he frustration of the prosecutor does not justify [her] improper comments." *State v. Smith*, 14 Ohio St.3d at 14, 470 N.E.2d at 885.

The second step of the analysis involves an examination of the entire record to determine if the prosecutor's arguments were so prejudicial that Ingels was denied a fair trial. "It is not enough that the * * * remarks were undesirable or even universally condemned." *Darden v. Wainwright* (1986), 477 U.S. 168, 181, 106 S.Ct. 2464, 2471. The remarks must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo* (1974), 416 U.S. 637, 643, 94 S.Ct. 1868, 1871; see *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 24, 514 N.E.2d 394, 400. To make that determination, the prosecutor's conduct should be assessed within the context of the entire case, and more particularly the entire closing argument, to determine whether it was prejudicial. See *State v. Keenan* (1993), 66 Ohio St.3d 402, 410, 613 N.E.2d 203, 209.

Here, there was overwhelming evidence of Ingels's guilt, including testimony of his victims, urinalysis tests revealing the presence of lorazepam or benzodiazepine in several victims' urine, and lorazepam tablets discovered behind a picture frame at Ingels's house. We hold, therefore, that the improper comments by the prosecutor did not so prejudice the jury as to deny Ingels a fair trial and require reversal of his conviction. See *State v. Bey* (1999), 85 Ohio St.3d 487, 495, 709 N.E.2d 484, 494. The assignment of error is overruled.

4



ENTERED
DEC - 3 1999
IMAGE 70

## OHIO FIRST DISTRICT COURT OF APPEALS

Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

HILDEBRANDT, P.J., GORMAN and PAINTER, JJ.

*Please Note:*

The court has placed of record its own entry in this case on the date of the release of this Decision.



ENTERED
DEC - 3 1999
IMAGE  71