## APPLICATION FOR REOPENING APPEAL OF APPELLANT EARL INGLES


D55178620

### IN THE COURT OF APPEALS
### FIRST APPELLATE DISTRICT HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| Earl Ingles, | : | On Delayed Appeal from |
| | : | Hamilton Court of Appeals, |
| Appellant, | : | First Appellate District |
| | : | |
| v. | : | Trial Case Nos. |
| | : | B-9800321 |
| State of Ohio | : | B-9802147 |
| | : | |
| | : | Court of Appeals Case Nos. |
| Appellees. | : | C-980673 |
| | : | C-980674 |

APPLICATION FOR REOPENING APPEAL OF APPELLANT EARL INGLES

---

Timothy Wilson (0019442)
14 Driftwood Street, #5
Marina Del Rey, CA 90292
(310)936-1668
(310)233-2222; fax

COUNSEL FOR DEFENDANT-
APPELLANT, EARL INGLES

Stuart A. Cole, Esq,
Ohio Attorney General Office,
Correction Litigation Section
140 East Town Street, 14th Floor,
Columbus, OH 94321

COUNSEL FOR DEFENDANT-
RESPONDENT IN HABEUS
CORPUS PROCEEDINGS.

**FILED**
**COURT OF APPEALS**

JUN 2 7 2003

GREGORY HARTMANN
CLERK OF COURTS
HAMILTON COUNTY



EXHIBIT C

Michael Allen
230 E. Ninth Street, Suite 7000
Cincinnati, OH 45202
(513)946-3050

COUNSEL FOR APPELLEE,
STATE OF OHIO

This Application includes but is not limited to the following issues for appeal:

### Issues for Appeal

Ineffective assistance of appellate counsel. Appellate counsel failed to raise many significant errors and issues in his appeal. Specifically, he failed to raise the following issues:

1. The ineffective assistance of trial counsel;

2. Abuse of discretion of the trial judge in not ordering separate trials for each count that arose from a different set of facts involving eight (8) different women, which testimony is so convoluted that it could have only confused and prejudiced the jury against the defendant resulting in a conviction based on quantity rather than quality;

3. Abuse of discretion of the trial judge in allowing the prosecution to call witnesses during the defense's case in chief and not only did the defense counsel fail to object to this, but agreed to it;

4. Failure of the defense counsel to bring a motion to suppress the drug evidence obtained in a highly suspect manner *after* an illegal search, a legal search pursuant to a warrant failed to produce any such drug evidence and *after* a break-in of defendant's house had occurred;

5. Failure of the defense counsel to bring a motion to suppress other evidence that was not properly tied to the defendant and that was also highly prejudicial;

6. Failure of the trial court to have all side bar conferences on the record as well as the failure of defense counsel to ask that this be done, resulting in an incomplete record as according to the record many key decisions were made by the court after the issues were discussed at sidebar conferences;

7. Errors of the trial court in allowing certain highly prejudicial evidence to be admitted and the failure of trial counsel to object to the admission of such evidence;

8. Failure of the defense counsel to object to the admission of certain medical reports and lab tests that were admitted without having a proper foundation laid;

9. Abuse of the trial court's discretion in allowing the admission into evidence of certain medical reports and lab tests without first requiring a proper foundation to be laid;

10. Ineffective and incomplete cross-examination by the defense counsel of virtually every witness for the prosecution;

11. Failure of the defense counsel to do a proper investigation into the background and motivations of the primary witnesses and alleged victims, almost all of whom were strippers and alcoholics or drug addicts or in rehab for their abuse of alcohol or drugs;

12. Failure of defense counsel to file a motion for acquittal.

Respectfully submitted,

_____
Timothy A. Wilson

## Proof of Service

I certify that a copy of this Notice of Appeal was sent by ordinary U.S. mail to counsel for appellee, Michael Allen, State of Ohio 230 E. Ninth Street, Suite 7000, Cincinnati, OH 45202; Steuart A. Cole, Esq, Ohio Attorney General Office, Correction Litigation Section 140 East Town Street, 14th Floor, Columbus, OH 94321.

_____
Timothy A. Wilson
COUNSEL FOR APPELLANT,
EARL INGELS

# AFFIDAVIT

State of California
County of Los Angeles

I Timothy A. Wilson being duly sworn to the best of my knowledge state the following:

1. On February 20, 1998, the defendant-appellant was indicted for the following offenses under case numbers B-9800321 and B-9802147; under case number B-9800321, six (6) counts of kidnapping in violation of R.C. §2905.01, one count of sexual battery in violation of R.C. §2907.05, one count of sexual battery in violation of R.C. §2907.03. Under case number B-9802147, the Defendant-Appellant was indicted on two counts of kidnapping, one count of attempted kidnapping and one count of gross sexual imposition. There were eight (8) victims involved regarding these charges.

One July 20, 1998, this matter was tried to a jury before the Honorable Thomas H. Crush. The Defendant-Appellant was found guilty of four counts of kidnapping - two with the specification of sexual motivation, two counts of gross sexual imposition, one count of abduction and one count of attempted abduction.

The Defendant-Appellant was sentenced under case number B-9800321 to nine years to life on two kidnapping charges to run consecutively, one and one-half years on one count of gross sexual imposition to rune concurrently with the kidnapping charge and four years incarceration on an abduction charge to run consecutive to the nine (9) to life kidnapping sentence.

Under case number B-9802147, Defendant-Appellant was sentenced to nine (9) years consecutive on count three, kidnapping, one (1) year incarceration on count four, gross sexual imposition, to run concurrent with count three and one (1) year incarceration on count five, attempted abduction, to run consecutive with count three.

2. These convictions were subsequently appealed and grounds for said appeal were limited to that of prosecutorial misconduct. On December 3, 1999, Court of Appeals First Appellate District of Ohio entered a judgment affirming the decision of the trial court.

3. After conviction of Defendant-Appellant and during the pendency of his appeal Defendant-Appellant has been incarcerated in the Warren County Correctional Institution in Lebanon Ohio. As a result of said incarceration Defendant-Appellant has had limited access to the outside world making it extremely difficult to try to find competent counsel. This Defendant-Appellant's search for competent counsel has been further exacerbated by his limited financial resources.

4. Sometime in late 2002 Defendant-Appellant was able to secure the services of counsel for the purposes of filing the Petition for Habeus Corpus in U.S. District Court in Cincinnati, Ohio. It was only after this counsel's review of the record that it became apparent that counsel who filed the appeal on behalf of Defendant-Appellant had not raised many of other errors and issues that should have been raised.

5. On March 21, 2003 the District Court adopted the Magistrate Judges report and affirmed the recommendation in its entirety, to administratively stay Defendant-Appellant's habeas corpus petition. The Court order that such stay shall be conditioned upon Defendant-Appellant's filing a motion to reinstate the case on this Court's active docket within 30 days after exhausting his state remedies. Defendant-Appellant shall be granted leave to move to reinstate the case on the Court's active docket when he has exhausted his Ohio remedies and complied with both conditions of the stay.

6. As a result of the judgment entered by the U.S. District Court Defendant-Appellant by and through present counsel has filed motions to extend the time set forth in the District Court's judgment, that Court has granted such motions.

7. The motion to which this affidavit is attached is timely filed pursuant to the extensions of time granted by the U.S. District Court.

Further affiant sayeth naught.

Dated: _____

_____
Timothy A. Wilson

State of California
County of Los Angeles

Sworn to before me _____, a notary public for the state of California on _____.

HYUNG S. CHUNG
Commission # 1409606
Notary Public - California
Los Angeles County
My Comm. Expires Apr 6, 2007

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO

STATE OF OHIO,

    Plaintiff-Appellee,

Vs.

EARL INGELS,

    Defendant-Appellant.

ENTERED DEC - 3 1999 IMAGE 66

APPEAL NOS. C-980673
C-980674

TRIAL NOS. B-9800321
B-9802147

JUDGMENT ENTRY

This cause having been heard upon the appeal, the record and briefs filed herein and arguments, and

Upon consideration thereof, this Court Orders that the judgment of the trial court is affirmed for the reasons set forth in the Decision filed herein and made a part hereof.

Further, the Court holds that there were reasonable grounds for this appeal, allows no penalty and Orders that costs are to be taxed in compliance with App. R. 24.

The Court further Orders that 1) a copy of this Judgment with a copy of the Decision attached constitutes the mandate, and 2) the mandate be sent to the trial court for execution pursuant to App. R. 27.

To The Clerk:

Enter upon the Journal of the Court on December 3, 1999 per Order of the Court.

By: _____

Acting Presiding Judge

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO, | APPEAL NOS. C-980673 |
| | C-980674 |
| Plaintiff-Appellee, | TRIAL NOS. B-9800321 |
| | B-9802147 |
| vs. | |
| | *DECISION.* |
| EARL INGELS, | |
| | PRESENTED TO THE CLERK |
| Defendant-Appellant. | OF COURTS FOR FILING |

Criminal Appeal From: Hamilton County Court of Common Pleas

DEC – 3 1999

Judgment Appealed From Is: Affirmed

COURT OF APPEALS

Date of Judgment Entry on Appeal: December 3, 1999

*Michael K. Allen*, Hamilton County Prosecuting Attorney, and *Thomas J. Boychan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Edward O. Keller*, for Defendant-Appellant.



ENTERED
DEC – 3 1999
IMAGE  67

## OHIO FIRST DISTRICT COURT OF APPEALS

*Per Curiam.*

Defendant-appellant Earl Ingels appeals from his conviction on four counts of kidnapping, two with specifications that the kidnapping was sexually motivated, two counts of gross sexual imposition, one count of abduction, and one count of attempted abduction. Ingels's sole assignment of error is that prosecutorial misconduct in closing argument deprived him of a fair trial before a jury. Although the trial techniques of defense counsel and the assistant prosecutor fell below the expected threshold of professionalism, we hold that, in light of the overwhelming evidence of guilt, the prosecutor's improper comments did not deprive Ingels of a fair trial.

Ingels was accused of drugging and committing sexual acts on eight female job applicants. He contends that, despite his objections, the trial court permitted numerous improper comments by the assistant prosecutor in her closing argument. Specifically, he argues that the prosecutor appealed to the jury's sympathy for the victims, stressed the nature of the crimes rather than the evidence linking Ingels to them, claimed defense counsel impeded access to exhibits admitted at trial, characterized defense objections as desperate acts, introduced her husband to the jury during the rebuttal portion of closing argument, and invited the jury to answer questions posed by the defense in contravention of the trial court's role in instructing the jury.

The test for whether prosecutorial misconduct may serve as the basis for reversing a conviction is whether the prosecutor's remarks were improper and, if so, whether they prejudicially affected substantial rights of the accused. See *State v. Bey* (1999), 85 Ohio St.3d 487, 493, 709 N.E.2d 484, 493; see, also, *State v. Lott* (1990), 51 Ohio St.3d 160, 555 N.E.2d 293. The linchpin of the analysis is "whether the conduct complained of

2

ENTERED
DEC - 3 1999
IMAGE 68

## OHIO FIRST DISTRICT COURT OF APPEALS

deprived the defendant of a fair trial." *State v. Fears* (1999), 86 Ohio St.3d 329, 332, 715 N.E.2d 136, 143, citing *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 24, 514 N.E.2d 394, 400.

Upon review of the record, it is clear that both defense counsel and the prosecutor, prompted by their own personal animosity for one another, engaged in conduct not suited to officers of the court. See *State v. Smith* (1984), 14 Ohio St.3d 13, 14, 470 N.E.2d 883, 885. Defense counsel's scorched-earth tactics included her cross-examination of a state's witness on matters wholly outside the issues, and asking whether the prosecutor had an adulterous affair with the Prosecuting Attorney of Hamilton County.

While a prosecutor may be entitled to respond to defense counsel's argumentative assertions, see, e.g., *State v. Mason* (1998), 82 Ohio St.3d 144, 694 N.E.2d 932, and *State v. Daniels* (1993), 92 Ohio App.3d 473, 636 N.E.2d 336, he or she cannot engage in improper conduct. Here, taken in context, all challenged comments, save one, fall within the wide latitude afforded the prosecutor when commenting upon the testimony and suggesting the conclusions to be drawn therefrom. See *State v. Liberatore* (1982), 69 Ohio St.2d 583, 433 N.E.2d 561; see, also, *State v. Goodwin* (1999), 84 Ohio St.3d 331, 703 N.E.2d 1251.

The latitude given the prosecutor does not, however, include inviting the jury to reach its verdict on matters outside the evidence. See *State v. Lott* (1990), 51 Ohio St.3d 160, 166, 555 N.E.2d 293, 300. During the rebuttal phase of closing argument, the prosecutor introduced her husband, seated in the courtroom, as a victim of defense counsel's salacious allegation of infidelity. Regardless of whether this remark, as the state argues, was "invited" by defense counsel or whether the trial court

ENTERED
DEC - 3 1999
IMAGE 69

3

## OHIO FIRST DISTRICT COURT OF APPEALS

prosecutor to proceed because it had earlier in the trial permitted defense counsel to comment on her husband's employment by the sheriff, this charade was palpably improper. As the supreme court has stated, "[T]he frustration of the prosecutor does not justify [her] improper comments." *State v. Smith*, 14 Ohio St.3d at 14, 470 N.E.2d at 885.

The second step of the analysis involves an examination of the entire record to determine if the prosecutor's arguments were so prejudicial that Ingels was denied a fair trial. "It is not enough that the * * * remarks were undesirable or even universally condemned." *Darden v. Wainwright* (1986), 477 U.S. 168, 181, 106 S.Ct. 2464, 2471. The remarks must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo* (1974), 416 U.S. 637, 643, 94 S.Ct. 1868, 1871; see *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 24, 514 N.E.2d 394, 400. To make that determination, the prosecutor's conduct should be assessed within the context of the entire case, and more particularly the entire closing argument, to determine whether it was prejudicial. See *State v. Keenan* (1993), 66 Ohio St.3d 402, 410, 613 N.E.2d 203, 209.

Here, there was overwhelming evidence of Ingels's guilt, including testimony of his victims, urinalysis tests revealing the presence of lorazepam or benzodiazepine in several victims' urine, and lorazepam tablets discovered behind a picture frame at Ingels's house. We hold, therefore, that the improper comments by the prosecutor did not so prejudice the jury as to deny Ingels a fair trial and require reversal of his conviction. See *State v. Bey* (1999), 85 Ohio St.3d 487, 495, 709 N.E.2d 484, 494. The assignment of error is overruled.

4



ENTERED DEC - 3 1999. IMAGE 70

## OHIO FIRST DISTRICT COURT OF APPEALS

Therefore, the judgment of the trial court is affirmed.

*Judgment affirmed.*

**HILDEBRANDT, P.J., GORMAN** and **PAINTER, JJ.**

*Please Note:*

The court has placed of record its own entry in this case on the date of the release of this Decision.

