# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

---

Earl Ingels,
     Petitioner


    vs                            Case No. C-1-00-1003
                                      (Spiegel, J.; Hogan, M.J.)


Wanza Jackson,[1]
     Respondent

---

## REPORT AND RECOMMENDATION

---

Petitioner, an inmate in state custody at the Warren Correctional Institution in Lebanon, Ohio, brings this action with the assistance of counsel for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the second amended petition, and respondent's supplemental answer. (Docs. 16, 18).

## Procedural Background

On February 20, 1998, the Hamilton County, Ohio, grand jury indicted petitioner on six counts of kidnapping as defined in Ohio Rev. Code § 2905.01(A)(4) four of which contained specifications; one count of gross sexual imposition as

---

[1]Initially, petitioner named Harry Russell as the respondent because he was incarcerated at the Lebanon Correctional Institution. Because petitioner is currently incarcerated in Warren Correctional Institution, where Wanza Jackson is the warden, the caption of this case is changed to reflect that Ms. Jackson is the proper party respondent. *See* Rule 2, Rules Governing Section 254 Cases in the United States District Courts, 28 U.S.C. § 2254.

defined in Ohio Rev. Code § 2907.05(A)(2); and one count of sexual battery as defined in Ohio Rev. Code § 2907.03. (Doc. 4, Ex. A). On April 8, 1998 the Hamilton County, Ohio grand jury returned a second indictment charging petitioner with two counts of kidnapping in violation of Ohio Rev. Code § 2905.01(A)(4), one of which contained a specification; two counts of attempted kidnapping as defined in Ohio Rev. Code §§ 2905.01 and 2923.02(A); and one count of gross sexual imposition as defined in Ohio Rev. Code § 2907.05 (A)(2). (Doc. 4, Ex. B). A jury found petitioner guilty of four counts of kidnapping, two with specifications of sexual motivation; two counts of gross sexual imposition; one count of abduction and one count of attempted abduction. (Doc. 4, Exs. C, D). With respect to the first indictment, the court sentenced petitioner to consecutive terms of nine (9) years to life on the two kidnapping convictions and four (4) years on the abduction conviction, and to a concurrent one and one-half year term on the gross sexual imposition conviction. (Doc. 4, Ex. C). With respect to the second indictment, the court sentenced petitioner to consecutive terms of nine (9) years on the kidnapping counts and one (1) year on the attempted abduction conviction and to a concurrent term of one year with respect to the gross sexual imposition conviction. (Doc. 4, Ex. D).

With the assistance of new counsel, petitioner filed a timely appeal to the Ohio Court of Appeals, raising the following assignment of error:

> 1. The trial court erred to the prejudice of Defendant-Appellant by overruling his objections to improper arguments, amounting to prosecutorial misconduct, during closing argument.

(*Id.,* Exs. G, H). On December 3, 1999, the Ohio Court of Appeals overruled the assignment of error and affirmed the judgment of the trial court. (*Id.,* Ex. J). Petitioner did not appeal to the Ohio Supreme Court. (Doc. 4 at 3; Doc. 3 at para. 9c).

On December 4, 2000, petitioner filed through counsel a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising prosecutorial misconduct and ineffective assistance of trial counsel as his grounds for relief. (Doc. 3 at 5). In his answer, respondent argued that petitioner failed to exhaust his state court remedies with respect to his claim of prosecutorial misconduct and waived his ineffective assistance of trial counsel claim by failing to raise it on direct review. (Doc. 4). Petitioner contended, as cause for the default of his ineffective assistance of trial counsel claims, that his claims were not presented to the Ohio appellate courts on direct appeal due to the ineffective assistance of his appellate counsel. (Doc. 3 at para.

2

13). On March 31, 2003, the federal district court issued an order terminating the case from the court's active docket and staying the action so that petitioner could exhaust his state court remedy of a direct delayed appeal to the Ohio Supreme Court and an application for reopening on the ground of ineffective assistance of appellate counsel. (Doc. 7).

On July 1, 2003, petitioner filed with the assistance of counsel a motion for a delayed appeal in the Ohio Supreme Court which was denied on September 10, 2003. (Doc. 18, Exs. A, B).

On June 27, 2003, petitioner, represented by counsel, filed an application for reopening his direct appeal based on his claim that appellate counsel was ineffective for failing to raise numerous assignments of error. (Doc. 18, Ex. C). On September 8, 2003, the Ohio Court of Appeals overruled the application, finding that petitioner failed to show good cause for his untimely filing. (*Id.,* Ex. E). Petitioner did not file an appeal to the Ohio Supreme Court. (Doc. 18 at 5).

On December 1, 2003, petitioner filed a motion to reopen and reinstate the instant case on the court's active docket and requested leave to file an amended petition for habeas corpus relief. (Doc. 14). On March 10, 2004, this Court reactivated the proceedings and permitted petitioner to file an amended petition. (Doc. 15).

Petitioner, represented by counsel, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising the following grounds for relief which are quoted verbatim:

1. Denial of effective assistance of appeals counsel.

2. Denial of effective assistance of trial counsel.

3. Conviction obtained by use of evidence pursuant to an unconstitutional search and seizure.

4. Failure of the trial court to have all sidebar conferences placed on the record.

5. Abuse of the trial judge in not ordering separate trials for each count

that arose from a different set of facts involving eight (8) different women, which testimony is so convoluted that it could have only confused and prejudiced the jury against the defendant resulting in a conviction based on quantity rather than quality.[2]

6. Abuse of discretion of trial judge in allowing the prosecution to call witnesses during the defense's case in chief and not only did the defense counsel fail to object to this, but agreed to it.

7. Errors of the trial court in allowing certain highly prejudicial evidence to be admitted and the failure of trial counsel to object to the admission of such evidence.

8. Ineffective and incomplete cross-examination by the defense counsel of virtually every witness for the prosecution.

9. Failure of the defense counsel to do a proper investigation into the background and motivations of the primary witnesses and alleged victims, almost all of whom were strippers and alcoholics or drug addicts . . . .

(Doc. 16 at 5-6 and Ex. A).

## OPINION

---

[2]In his petition, after enumerating his four grounds for relief, petitioner refers to Exhibit A as additional claims supporting his habeas corpus petition. Exhibit A constitutes a list of some thirteen claims which petitioner alleges were presented to the Ohio Courts. Many of the claims listed in Exhibit A simply reiterate those petitioner alleged in the body of his petition. The court has therefore only listed five additional claims taken from Exhibit A which do not overlap with the four claims presented in the main part of the petition. These are identified as grounds five through nine above.

**Petitioner has waived his claims for relief due to procedural defaults committed in state court.**

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must first fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If petitioner fails to fairly present his claims through to the state's highest court or commits some other procedural default relied on to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the petition is subject to dismissal with prejudice on the ground that petitioner has waived his claims for habeas corpus relief. *See O'Sullivan,* 526 U.S. at 847-848; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989). If, because of a procedural default, petitioner has not had his claims considered by the state's highest court and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

A "fundamental miscarriage of justice" occurs only in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995). To be credible, such a claim "requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be

5

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup,* 513 U.S. at 324. In order to obtain habeas review of the merits of a procedurally-defaulted claim under the "actual innocence" exception, the otherwise-barred petitioner "must show it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of all the evidence, "including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial." *Id.* at 327-28.

In this case, petitioner did not present his claims, asserted as grounds two through nine above, to the Ohio courts on direct appeal. Although in his application for reopening, petitioner cited these claims as the errors that appellate counsel failed to raise on appeal, that is insufficient to constitute a fair presentation of the underlying claims to the Ohio courts. *Lott v. Coyle,* 261 F.3d 594, 612 (6th Cir. 2001), *cert. denied,* 534 U.S. 1147 (2002); *McMeans v. Brigano,* 228 F.3d 674, 684 (6th Cir. 2000), *cert. denied,* 532 U.S. 958 (2001). Petitioner committed a procedural default by failing to present these claims to Ohio's courts on direct appeal. *See Leroy,* 757 F.2d at 97, 99-100. He has waived the claims for purposes of federal habeas corpus review because he did not provide the highest state court in Ohio with an opportunity to correct any alleged constitutional error. *See id.*; *see also Hughes v. Idaho State Bd. of Corrections,* 800 F.2d 905, 907-08 (9th Cir. 1986).

Therefore, this Court may not consider grounds two through nine unless he shows cause for the default and actual prejudice as a result of the alleged error, or demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice." *See Coleman,* 501 U.S. at 750; *see also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87. Petitioner alleges ineffective assistance of appellate counsel as cause for his default and as an independent claim in ground one of the petition. Ineffective assistance of appellate counsel may constitute cause for a procedural default, *Murray,* 477 U.S. at 488, unless that claim also has been procedurally defaulted, *Edwards v. Carpenter,* 529 U.S. 446, 452 (2000); *Jacobs v. Mohr,* 265 F.3d 407, 414-415 (6th Cir. 2001).

Respondent alleges that petitioner has waived his ineffective assistance of appellate counsel claim due to a procedural default committed in state court. Although petitioner presented his ineffective assistance of appellate counsel claim in his application for reopening to the Ohio Court of Appeals, he failed to appeal the denial

of his application to the Ohio Supreme Court. Petitioner can no longer appeal the ruling to the Ohio Supreme Court because a delayed appeal is not available with respect to appeals involving applications for reopening pursuant to App. R. 26(B). Ohio S. Ct. Prac. R. II, §2(A)(4)((b). He has waived the claim for purposes of federal habeas corpus review because he did not provide the highest state court in Ohio with an opportunity to correct any alleged constitutional error.

Accordingly, petitioner's ineffective assistance of appellate counsel claim is barred from review by this Court, either as cause or as the independent claim asserted in ground one, absent a showing of cause and prejudice, or that a fundamental miscarriage of justice will result if the claim is not considered. *See Coleman v. Mitchell,* 244 F.3d 533, 539 (6th Cir.), *cert. denied,* 534 U.S. 977 (2001).

Petitioner has not presented any justification for the procedural default of his ineffective assistance of appellate counsel claim. Moreover, he has not demonstrated that failure to consider the ineffective assistance of appellate counsel claim will result in a fundamental miscarriage of justice because of his actual innocence. In this case, petitioner was accused of drugging and committing sexual acts on eight female job applicants. (Doc. 4, Ex. J at 2). The Ohio Court of Appeals, on direct appeal, found that "there was overwhelming evidence of Ingels's guilt, including testimony of his victims, urinalysis tests revealing the presence of lorazepam or benzodiazepine in several victim's urine and lorazepam tablets discovered behind a picture frame at Ingels's house." (*Id.* at 4.).

Accordingly, petitioner has waived the ineffective assistance of appellate counsel claim, asserted in ground one and as cause for the procedural default of his remaining claims, for purposes of habeas corpus review.

Since this court is precluded from considering petitioner's ineffective assistance of counsel claim as cause for the procedural default of his remaining claims and petitioner has not suggested any other reason for his failure to raise his remaining claims on direct appeal, this Court may only consider his remaining claims if petitioner demonstrates that a fundamental miscarriage of justice will result if the claims are not considered because he is innocent. As this Court has determined, however, petitioner has not made this showing.

Accordingly petitioner has waived his remaining claims.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 16) be DENIED with prejudice.

2.  A certificate of appealability should not issue with respect to the dismissal on procedural default grounds of petitioner's claims because "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), which is applicable to procedurally-barred claims.[3] Petitioner has not shown that reasonable jurists could debate whether these claims should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."

3.  With respect to any application by petitioner for *in forma pauperis* status for the purposes of pursuing an appeal of an order adopting this report and recommendation,  this Court certify that pursuant to 28 U.S.C. § 1915 (a) an appeal of this order would not be taken in "good faith," and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis*.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  April 26, 2004                    S/Timothy  S.  Hogan
                                         Timothy S. Hogan
                                         United States Magistrate Judge

J:\ROSENBEH\2254(2004)\00-1003waiver.wpd

---

[3]Because this Court finds petitioner has not met the first prong of the *Slack* standard, it need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner's grounds for relief state valid constitutional claims.  *See Slack,* 529 U.S. at 484.

8

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Earl Ingels,
      Petitioner


    vs                           Case No. C-1-00-1003
                                    (Spiegel, J.; Hogan, M.J.)

Wanza Jackson,
      Respondent

### NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Hogan, United States Magistrate Judge, in the above-entitled action. Pursuant to Fed. R. Civ. P. 72(b), any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.   Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).   Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).