05 JUN -2 PM 4:22

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

1:00-1003

EARL INGELS,
    Petitioner,

v.

WANZA JACKSON, WARDERN,
    Respondent.

Case No. C-100-1003

JUDGE SPIEGEL

Magistrate Judge Hogan

## RULE 60 RELIEF FROM JUDGMENT OR ORDER

### I. INTRODUCTION

Petitioner Earl Ingels, #362-813 (hereinafter Ingels) filed for writ of habeas corpus containing two (2) grounds for relief on December 4, 2000. In response, Respondent filed a return of writ asserting that Ingels' prosecutorial misconduct claim was unexhausted, that his ineffective assistance of trial counsel claim was waived, and that both grounds for relief were without merit.

Since the filing of said return, these habeas proceedings were stayed, and Ingels filed a delayed appeal motion in the Ohio Supreme Court and a Murnahan application in **only** the Ohio Court of Appeals. Ingels then filed a "Second Amended Petition" in which Ingels set forth (12) issues that he deemed critical trial errors that should have been raised by the original Appeals Counsel, but do to his obvious ineptness this was not done. This is obvious, even to a lay person, and this action along with others clearly shows gross neglect of Appeals Counsel. On March 11, 2004 this Court reactivated the proceedings and ordered Respondent to file a return within forty

(1) Ingels named Harry Russell as Respondent, Now it is Wanza Jackson at Warren Correctional Inst.

ty (40) days. For the convenience of the Court, this Supplemental Return of Writ did contain both a full discussion of the procedural history of this case and the consequences of Ingels' subsequent state court litigation.

## RULE 60 RELIEF FROM JUDGMENT OR ORDER:

On Motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the folowing reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

The motion shall be made in a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

A motion under this subdivison (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C.,§ 1655, or to set aside a judgment for fraud upon the court.

## ORDER

This matter came before this Court on the Magistrate Judge's Report and Recommendation (doc. 19), to which Petitioner filed no objections.

2

Petitioner Earl Ingels, an inmate in state custody at the Warren Correctional Institution in Lebanon, Ohio, brings this action, without the assistance of counsel, for relief from judgment pursuant to federal rule 60 for any just reasons.

On July 20, 1998, the Hamilton County Court of Common Pleas convicted Petitioner of four counts of kidnapping, two counts of gross sexual imposition, one count of abduction, and one count of attempted adduction (Id.).

The court sentenced Petitioer to forty-four years, six months of incarceration, which Petitioner now challenges based on theories of denial of effective assistance of appeal counsel, denial of effective assistance of trial counsel, failure of the trial court to have all sidebar conferences placed on the record, and unconstitutional search and seizure (Id.) Also enhancement of sentence based on fraudanth inforimation used in sentencing but never presented to the Jury or Admitted to by the defendant. (aka) Same and Similar.

In a Report and Recommendation dated April 26, 2004, the Magistrate Judge after a thorough review of the information presented, primarily by the respondent's counsel, which was slanted in favor of the respondent and factually incomplete and incorrect, the Magistrate thorough no fault of his own, solely based on incomplete and incorrect information recommended the court deny, with prejudice, Petitioner"s amended petition for writ of habeas corpus (doc. 19) Again pointing to errors in reporting the truth to the court and lazy and incompetent federal appeals counsel. The Magistrate Judge further recommended that a certificate of appealability should not be issued with respect to the standard set forth in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) and lack of complete information to make a informed decision.  Also the Magistrate was unaware that the transcript quotes were incomplete, skewing the facts and the

3

truth without fully disclosing the full statements of the plaintiff(s) and were not presented for the Magistrates considersation or analysis, thusly hampered by skewed information he recommended that Petitioner should be denied leave to proceed on appeal <u>in forma pauperis.</u> Not fully aware of the decit he had been exposed too, or the lack of competent counsel Mr. Ingels had suffered through this ordeal. Because an appeal of such an Order denying his petition would not be taken in good faith (Id.)

Proper Notice was provided to the Parties attorneys under Title 28 U S.C. § 636 (b) (1) (C), Including the notice that they would waive further appeal if they failed to file an objection to the Magistrates Judge's Report and Recommendation in a timely manner, however Mr. Ingels Counsel quit working on his behalf and never notified Mr. Ingels of this deadline per United States v. Walters, 638 F.2nd 947, 949-50 (6th Cir. 1981). Petitioner did not file an objection to this Report and Recommendation Because he was unaware of the notice and time limit, was without legal counsel and had No knowledge of how to proceed. He was fully aware that another tragic injustice was upon him but had not ability or legal tools to stop it, and the petitioner was not a <u>legal schoolar</u> and was totally unadvised of his rights by the courts or legal counsel. <u>The petitioner did cryout for help and direction in a letter to the court dated 07-20-94,</u> asking help or at least direction, to which he received no response.

The question is will the court allow the denial of the petitioners consitutional rights for releif because he the petitioner has suffered from inept trial, and appellant counsels, and suffered the misrepresentation of the facts by apposing counsel, which skewed the truth and allowed the Maistrate to draw a incomplete and incorrect conclusion? Now because of this the petitioner is without funds to hire competant legal counsel to bring

4

this about. Accordingly, this Court ADOPTED the Magistrate Judge's report (doc. 19), AFFIRMED the Magistrate Judge's recommended decision (Id.), and DENIED Petitioner's amended habeas corpus petition with prejudice (doc. 16). This Court further FOUND that a certificate of appealability should not issue with respect to the dismissal on procedural default grounds of Petitioner's claims because "jurists of reason would not find it debatable whether this Court is correct in its procedural ruling" as required under the first prong of the two-part standard enunciated in Slack v. McDaniel, 529 U.S.473, 484-85 (2000), which is applicable to procedurally-barred claims.

Petitioner did not show that reasonable jurists could debate whether these claims should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed furhter." With respect to any application by Petitioner for in forma pauperris status for the purpose of pursuing an appeal of this Order, the Court certifies that pursuant to 28 U.S.C. § 1915(a), an appeal of this Order would not be taken in "good faith," and therefore, DENIES Petitioner leave to proceed on appeal in forma pauperis. Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

## GROUNDS FOR RELIEF SOUGHT

Petitioner would only assert that petitioner has diligently sought to present his relevant claims to the best of his ability. Petitioner wrote Judge Spiegel asserting his lack of knowledge of the Judicial System, and his lack of understanding of how to proceed further. With that letter, petitioner was crying out for Legal Assistance to have Constitutional Rights Protected, for Legal Assistance to have His Constitutional Rights Protected. But the petitioners Constitutional Rights have not, (never) been represented to a court by competent trial or appellant counsel, nor has his constiutional right been represented or protected in any of the lower courts. The fact

that this statement is True is confirmen by the analyzation of the trial transcript by a independent attorney and Two Internationally recognized law schools, concluding at a mimum there were 12 major trial errors, under 4 subject heading and up to 21 trial errow that have never been presented to a appeals court for reversel. This does not include the sentencing section of the transcript where the Court enhanced the petitioners sentence based on fraudulant information as recorded in the transcript and refered to as Same and Similar, and a chart he used, the court used in the sentencing phase that were never presented to the Jury of Admitted to by the petitioner. The petitioner further states with support of the Mail Rooms records of Legal Mail recevied by the petitioner that the copy of the Respondent Jackson's Supplemental Return Writ Which has a date of March 17th, 2004 was received for the <u>first time</u> and only time and was the only part of the action the petitioner ever recevied was received by the peitioner in January of 2006 which as proven by simple review of the trial transcript contains incommplete skewed and untrue statement. I pray for entry in to this court and appointment of qualified legal counsel to represent the petitioner so truth and justice may finaly be served, and a Certificate of Appealibility be Granted.

6

After this Court reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, this Court concluded that the Magistrate Judge's Report and Recomdation was adopted.

### REASONS FOR GRANTING RELIEF

Petitioner asserts that his letter to Judge Spiegel should have triggered the process for and Appeal of the District Judge decision to dissmiss his Petition.

As such this Judgment should be Vacated pursuant Civ. R. 60(B), to allow time for an timely appeal to be perfected in the Court of Appeals.

Petitioner is acting in the form of Pro Se, and lacks the funds to hire an Attorney to litigate his Claims further in the Court of Appeals. Therefore, petitioner prays that this Court will Vacate the Judgement entered on June 23, 2004, and appoint counsel to ensure that petitioner's claims are protected and litigated in accordance of the procedure of this Court.

### CONCLUSION

Petitioner has presented good reasons for granting his request for Relief from Judgment. Petitioner assert that if releif from judgment is not granted his Constitutional rights will not be protected and pettioner will suffer prejudice as a result.

### CERTIFICATE OF SERVICE

I hereby certify that a cpoy of the foregoing Motion for Relief from Judgment Pursuant Civ. R. 60(B) was sent to s/Stuart A. Cole, Ohio Attorney General Correction Litigation Section, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215. on ____ day of May 23 ____ 2006. By regular U.S. Mail.