```
          UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF OHIO
               WESTERN DIVISION
```

EARL INGELS,                        :
                                    :    NO. 1:00-CV-01003
    Plaintiff                       :
                                    :    **OPINION AND ORDER**
                                    :
    v.                              :
                                    :
                                    :
WANZA JACKSON, WARDEN               :
                                    :
    Defendant.                      :


       This matter is before the Court on the Plaintiff's Motion for Rule 60 Relief from Judgment or Order (doc. 22). Defendant did not file a response. For the reasons stated herein, the Court DENIES IN PART Plaintiff's motion, and ORDERS Defendant to respond to the remaining issue.

       Plaintiff filed this pro se Motion on June 2, 2006. Plaintiff requests relief from the Court's June 24, 2004, Order adopting the Magistrate Judge's Report and Recommendation and denying Plaintiff's habeas corpus petition with prejudice (doc. 20). Plaintiff asserts relief is proper due to misrepresentation of an adverse party and ineffective assistance of counsel (doc. 22). Plaintiff claims that a letter allegedly sent to the Court dated July 20, 2004, should have triggered the appeals process in this matter (Id.).

Requests for Rule 60(b) relief from judgment must be filed within one year for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . . ; [or] (3) fraud . . . , misrepresentation or other misconduct of an adverse party." Rule 60(b) requires that motions for relief from an order be filed "within a reasonable time" if "(4) the judgment is void; (5) the judgment has been satisfied . . . ; or (6) any other reason justifying relief from the operation of the judgment." Plaintiff's first asserted ground for relief, misrepresentation of an adverse party, is covered by Rule 60(b)(3), while his second asserted ground for relief, ineffective assistance of counsel, falls under Rule 60(b)(6) (doc. 22).

Plaintiff asserts that a letter sent to the Court dated July 20, 2004 should have started the appeals process in this matter (Id.). Correspondence with the Court does not constitute the filing of a motion. Local Rule 7.2(c) ("Letters to the court are generally inappropriate and disfavored. . . All other written communications shall be by way of formal motion or memorandum submitted in compliance with these Rules. All letters sent to the Court shall be contemporaneously served upon opposing counsel.") There is no evidence that the letter was actually served on opposing counsel contemporaneous to being sent to the Court (Id.). Therefore, the letter is not a formal motion filed with the Court

and could not serve to start the process of appeal from the order dismissing Plaintiff's habeas petition.

The Court has reviewed Plaintiff's motion and finds that the request for Rule 60(b)(3) relief from judgment for misrepresentation of an adverse party is barred by the one year limit. Therefore, the Court does not have jurisdiction to hear this claim. Accordingly, the Court DENIES Plaintiff's request for Rule 60(b)(3) relief for misrepresentation of an adverse party. However, in the interest of justice, the Court ORDERS Defendant to file a response to Plaintiff's Motion for Rule 60(b)(6) Relief from Judgment or Order on the claim of ineffective assistance of counsel.

SO ORDERED.

Dated: September 22, 2006        s/S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge