IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| EARL INGELS, | : | |
| Petitioner, | : | Case No. 1:00CV1003 |
| v. | : | Judge Spiegel |
| WANZA JACKSON, Warden, | : | |
| Respondent. | : | |

### RESPONDENT JACKSON'S RESPONSE TO
### INGELS' MOTION FOR RELIEF FROM JUDGMENT

I.  *Introduction*

On September 26, 2006, this Court ordered Respondent to file a response to Ingels 60(b) motion on the claim of ineffective assistance of counsel. Ingels' motion should be denied for reasons to follow.

It is undisputed that neither Ingels, nor Ingels' former counsel, timely appealed the dismissal of this action nor deemed the Magistrate Judge's Report objectionable. Furthermore, in its September 26, 2006, Order, this Court correctly observed that a personal letter that Ingels apparently sent to this Court on July 20, 2004 did **not** start the appeals process as to Ingels:[1]

> Plaintiff asserts that a letter sent to the Court dated July 20, 2004 should have started the appeals process in this matter (*Id.*). Correspondence with the Court does not constitute the filing of a motion. Local Rule 7.2(c) ("Letters to the court are generally inappropriate and disfavored. . . All other written communications shall be by way of formal motion or memorandum submitted in

---

[1] Respondent notes in passing that Ingels chose **not** to provide Respondent with a copy of said letter.

compliance with these Rules. All letters sent to the Court shall be contemporaneously served upon opposing counsel.") There is no evidence that the letter was actually served on opposing counsel contemporaneous to being sent to the Court (*Id.*). Therefore, the letter is not a formal motion field with the Court and could not serve to start the process of appeal from the order dismissing Plaintiff's habeas petition.

Now, almost **two (2) years** subsequent to the dismissal of this case, Ingels has filed a Motion for Relief for Judgment that is predicated in part upon "inexcusable neglect" by his former counsel for allegedly failing to appraise Ingels of the issuance of the Magistrate Judge's April 26, 2004 Report. Nowhere in his motion does Ingels offer any explanation for his own absolute failure to monitor the status of this action. Even more significantly, as reflected by Ingels personal letter to the Court subsequent to the June 23, 2004 dismissal of this action, Ingels cannot deny that although Ingels was aware of this Court's dispositive decision, he nevertheless chose **not** to pursue a timely appeal to the Sixth Circuit.

II.   *Argument*

Ingels' request that this Court reopen this action is based upon alleged inaction by his former counsel for failing to inform Ingels about a Magistrate Judge's Report. Like the petitioner in *Johnson v. United States,* 125 S.Ct. 1571, 1580 (2005), Ingels apparently believes that this Court is required to reopen this case "no matter how long he may have slumbered before [attempting to reopen this] proceeding." In the absence of **any** showing of due diligence or excusable neglect on the part of **Ingels**, coupled with the fact that as a habeas petitioner

2

Ingels had **no right whatsoever** to the effective assistance of counsel, Ingels' motion for relief from judgment must be denied.

Although Ingels' motion for relief from judgment is entirely predicated upon the alleged failings of Ingels' former counsel, the Sixth Amendment right to counsel simply does not apply to habeas corpus proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987). In *Finley*, the Court cited *Ross v. Moffitt*, 417 U.S. 600, 610-11 (1974) for the holding that there is no constitutional right to counsel in state collateral proceedings after exhaustion of direct appellate review. The Court reasoned that, because the State has no obligation to provide post-conviction review, due process does not require the appointment of counsel in such proceedings. The Court also noted that the prisoner's equal protection guarantee of meaningful access to the courts was not violated, because the prisoner had been represented by counsel at trial and had been provided with the necessary legal tools to pursue his claim on direct appeal. *See also, Coleman v. Thompson*, 501 U.S. 722, 725 (1991).

Because the Court based its decision in *Finley* on the fact that the Sixth Amendment does not apply to discretionary appeals, its holding necessitates a conclusion that prisoners do not have a constitutional right to counsel in federal habeas corpus proceedings. *See, e.g., Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) [no constitutional right to counsel exists in federal habeas proceedings]; *McKethan v. Mantello*, 292 F.3d 119, 123 (2nd Cir. 2002); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991); *Rouse v. Lee*, 339 F.3d 238, 250 (4th Cir. 2003); *Barraza v. Cockrell*, 330 F.3d 349, 352 (5th Cir. 2003); *Morris v.*

*Dormire*, 217 F.3d 556, 558 (8th Cir. 2000); *Gates v. Woodford*, 334 F.3d 803, 810 (9th Cir. 2003); *Engberg v. Wyoming*, 265 F.3d 1109, 1122 (10th Cir. 2001); *McGriff v. Dep't. of Corr.,* 338 F.3d 1231, 1235 (11th Cir. 2003).

Similarly, in the context of conducting an AEDPA statute of limitations equitable tolling analysis, the Sixth Circuit has focused on the diligence exercised by petitioner rather than the alleged neglect of counsel. For example, in *Elliott v. Dewitt*, 10 Fed. Appx. 311 (2001) (Exhibit A), the Sixth Circuit held that an attorney's failure to notify petitioner of the state appellate court's decision which resulted in a missed filing deadline was **not** a basis for equitable tolling. In so ruling the Sixth Circuit emphasized that it was **the responsibility of the Petitioner** to monitor the status of his appeal and diligently pursue relief. Similarly, in *Jurado v. Burt,* 337 F.3d 638 (6th Cir. 2003), a petitioner was held not to have been diligent despite being given erroneous and unreasonable advice by defense counsel. *See also, Brown v. United States*, 20 Fed. Appx. 373, 375 (6th Cir. 2001) (Exhibit B) [petitioner has an affirmative "duty to monitor the status of his appeal."]

As reflected by Ingels' motion for relief from judgment, Ingels has not exercised anything approaching due diligence or excusable neglect. Certainly there were no circumstances beyond Ingels' control that prevented him from monitoring the status of this habeas corpus litigation. Indeed, Ingels himself has candidly conceded that he **was aware** of this Court's dispositive decision to which he chose **not** to pursue an appeal. Thereafter, Ingels chose to wait almost **two years** before filing his 60(b) motion. Since Ingels cannot show that his

4

failure to submit a single pleading to this Court in the year subsequent to the dismissal of this action was consequence of Ingels' "excusable neglect," Ingels' motion for relief from judgment must be denied.

### III.  *Conclusion*

For the foregoing reasons this Court should deny Ingels' motion for relief from judgment.

    Respectfully submitted,

    Jim Petro  (0022096)
    Attorney General

    /s/ Stuart A. Cole
    Stuart A. Cole   (0020237)
    Assistant Attorney General
    Corrections Litigation Section
    150 E. Gay St., 16th Floor
    Columbus, Ohio  43215
    614/644-7233
    614/728-9327 – Fax
    scole@ag.state.oh.us

### CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing *Response to Ingels Motion for Relief from Judgment* was sent via U.S. mail to Earl Ingels, Warren Correctional Institute, P.O. Box 120, Lebanon, Ohio, 45036 on this 3rd day of October, 2006.

    /s/ Stuart A. Cole
    Stuart A. Cole   (0020237)
    Assistant Attorney General