UNITED STATES DISTRICT
COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

06 OCT 18 PM 12: 5

EARL INGELS,
   Plaintiff

v.                                         NO. 1:00-CV-01003

WANZA JACKSON, WARDEN
   Defendant.

MOTION to STRIKE RESPONDENTS ANSWER IN
PURSUANT TO CIVIL RULE 12 (f)

   This matter is before the court on the Plaintiff's Motion for Rule 60 Relief From Judgment or Order (doc. 22). Defendant did file a answer to the courts Order, but did not file an answer to the Plantiff's orginal motion. However by Order of the Court the Defendant was ordered to answer the following question. Court ORDERS Defendant to file a response dto Plaintiff's Motion for Rule 60 (b) (6) Relief from Judgment or Order on the claim of Ineffective Assistance of counsel.

   We submit that according to Civil Rule 12 (f) the later part of the ruling says, (the court may order stricken from any pleading any INSUFFICIENT Defense or any Redundant, IMMATERIAL, Inpertinent, or scandalous matter.

Defendants failure to answer the centeral question is quite obvious, to even a lay person such as myself and I'm sure the court with its years of experience will recognize there evasive and cleverness in there twist in there lack of a direct answer. He has shown a direct attemp to put a political spin on the question by smoke and mirrors answers. Not addressing the prime question, but directing non senseical remarks about Pro,se Plaintiff issue as he sees it with time tolling or failure to monitor as set forth in his exhibits A and B. A simple review of the Plaintiff's letter to the court clearly establishes his lack of knowledge and lines of procedure, the letter may be of question but it's truths and facts are clearly established. The Defendant's spin does not relieve him of the responibality to address the

Courts centeral question as to ineffective assistance of counsel. I'm no attorney, but I do know that time tolling and monitoring are about as irrelevant and evasive to the courts question as one could come unless the defendant is a practicing spinster and has No resonable or solid argument against the plaintiff's motion. Based on this along with the additional attachments of support for a ruling of ineffective assistance of counsel. See Attachments We submitt that this squarely falls with in the design and intent of Civil Rule 12 (f) as Immaterial and Irrelevant to the courts centeral question of ineffective assistance of counsel. Therefore we pray and I do mean pray for a favorable ruling and a certificate of appealability to further sit right a gross injustice to this plantiff. In the event however unlikly it may be that the court disagrees with the Rule 12 (f) standing we request additional time to provide addidtional case law to support our possition.

Conclusion

    For the foregoing reasons this Court should Strike Respondents Answer based on Civil Rule 12 (f) and the additional documentation provide and issue the Plaintiff a Certificate of Appealability.


Respectfully Submitted,


Earl Ingels 362-813    PRO, SE
W.C.I. P.O. Box 120
Lebanon, Ohio 45036



Certificate of Service

I hereby certify that a true and accurate copy of the foregoing is to be sent to Stuart A. Cole Assistant Attorney General 150 E. Gay St. 16 th Fl. Columbus, Ohio 43215 on or about Oct 16, 2006

Earl Ingels