IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

EARL INGELS,                         :
                                     :
    Petitioner                       :     Case No. 1:00-CV-01003
                                     :
    v.                               :
                                     :     **OPINION AND ORDER**
WANZA JACKSON, Warden,               :
                                     :
    Respondent.                      :

        This matter is before the Court on the Petitioner's pro se Motion to Strike Respondent's Response (doc. 26). Also pending before the Court is that portion of Petitioner's Motion for Rule 60 Relief premised on a theory of ineffective assistance of counsel (doc. 22).

        In its September 26, 2006 Order, the Court denied Petitioner's Rule 60 relief as to his claim for misrepresentation of an adverse party (doc. 24). However, the Court found it appropriate, as the government had filed no Response to Petitioner's motion, to order Respondent to respond to Petitioner's claim as to ineffective assistance of counsel (Id.). Petitioner's ineffective assistance of counsel claim is premised on the alleged inaction by his former counsel to inform Petitioner about a Magistrate Judge's Report.

        Respondent filed its Response on October 3, 2006, stating first that Petitioner filed his motion out of time, which is undisputed (doc. 25). Second, Respondent argues Petitioner's

motion does not demonstrate due diligence or excusable neglect on the part of the Petitioner (Id.).  The government argues that Petitioner was responsible for monitoring his own case, and he simply failed to do so (Id.).  Third, Respondent argues that as a habeas corpus petitioner, the Petitioner has no right to the assistance of counsel because the Sixth Amendment does not apply to discretionary appeals. (Id., citing Pennsylvania v. Finley, 481 U.S. 551 (1987)).

On October 18, 2006, Petitioner filed the instant Motion to Strike (doc. 26).  Petitioner asserts in his Motion that Respondent failed to address the issue of effectiveness of counsel and that the Response should be stricken under Civil Rule 12(f) as immaterial and irrelevant (doc. 26).  Petitioner states that the issue of his monitoring of his own case is irrelevant to the Sixth Amendment (Id.).

Having reviewed this matter, the Court does not find well-taken the Petitioner's Motion to Strike.  The government appropriately responded to the Court's Order (doc. 24), and the Court is now satisfied that Petitioner's claim premised on ineffective assistance of counsel lacks merit.  The Sixth Circuit has focused on the actions of the petitioner rather than the neglect of counsel in an analysis for equitable tolling of the statute of limitations.  Elliot v. Dewitt, 10 Fed. Appx. 311 (6th Cir. 2001); Jurado v. Burt, 337 F.3d 638 (6th Cir. 2003); Brown v.

U.S., 20 Fed. Appx. 373 (6th Cir. 2001)(Petitioner has an affirmative duty to monitor the status of his appeal.). Respondent's argument concerning Petitioner's failure to show due diligence in monitoring his case is therefore relevant. Moreover, Petitioner failed to address Respondent's assertion that a habeas corpus petitioner has no right to the assistance of counsel. Pennsylvania v. Finley, 481 U.S. 551 (1987); Coleman v. Thompson, 501 U.S. 722 (1991); Cobas v. Burgess, 306 F.3d 441 (6th Cir. 2002). The Court therefore rejects Petitioner's arguments and finds no basis to reconsider the denial of his petition for habeas corpus. Accordingly, the Court DENIES Petitioner's motion to strike (doc. 26), FINDS well-taken Respondent's response (doc. 25), and DENIES the balance of Petitioner's Motion for Rule 60 Relief from Judgment (doc. 22) premised on the theory of ineffective assistance of counsel. The Court further DISMISSES this case and DIRECTS the clerk to close this matter on the Court's docket.

    SO ORDERED.

Dated: January 22, 2007   /s/ S. Arthur Spiegel
                                      S. Arthur Spiegel
                                      United States Senior District Judge