IN THE UNITED STATES COURT OF APPEALS
FOR THE SOUTHERN DISTRICT
WWESTERN DIVISION CINCINNATI, OHIO

EARL INGELS
    Peitioner
V.

WANZA JACKSON Warden
    Respondent

07 FEB 14 PM 12:59

Case No. C-100-CV-01003

Judge S. Arthur Spiegel

**MOTION FOR APPOINTMENT OF COUNSEL**

Comes Now the Petitioner Earl Ingels Acting in Pro se, and ask this Honorable United States Court of Appeals for appointment of counsel to represent him (me) in his Rule 60 Relief From Judgement or Order and His (my) request for the Court to Issue A Certificate Of Appealability to ensure his (my) Constitutional rights as a Petitioner are fully protected and represented. I'm told their is a federal rule U.S.C.A § 2254. that says Appointment of Counsel would undoubtly expedite the matter through the court by facusing the court attention or point of merit and just disposition of the issues at hand. Boy is that ever the truth in the case. My point is this, in the courts opioion and order filed on 01-23-07 they said I was claiming my counsed didnt inform me of the Magistrates Judges Report and Decision. Well that is only a small part of my clain. He my attorney didnt advise me of anything, except a need for more money. He did not answer letters, and due to his phone system and the O.D.o.R&C's phone system I was unable to call him or call his office. I have file copies of these letters and I also ask, third parties to contact him, which they attempted to do too no avail. This is also the case at hand with my first appeal attorney in the lower courts. He closed his office. I wrote these attorneys on several occasions asking for updates and any information they could provide me as to the status of my case. The current on the record proof of this in in the letter I sent to the Sixth Disttrict Court asking for help and or direction, this letter along with

all the other letters went unanswered. But what is confussing to me is this, when the Federal Dist. Court ordered the respondent to answer my first Motion on the Rule 60 matter, they ask the respondent to address the issue of my concrete claim of ineffective assistance of counsels. Well in the respondents answer to the court, they didn't address this issue, but went off on the fact that I had no right to counsel and I was timed barred. Well we hired counsel, so what is up with that, and if counsel would have fulfilled there legal obligation I would not have been in this position. But what really confusses me is when the court issued there opion, they centered in on the issue that I had not tracked my case. This was Not the issue they raised with respondent nor do I have the ability to track my case from prison. Even with attempts to get counsel to update me. Without counsels cooperation I'm helpless. Petitioner is required to present valid argument, which I have many valided arguemnts and issues, I just don't know how to put them in legal order or have the knowledge to do research, nor do I have access to current case law. Along with the fact that we only get about 1 and a 1/2 hours a week in the law library if it is open. The last motion I sent dto the court was done with the help of a inmate legal clerk who is not available to me now. I know there is current case law on the Federal level to support my argument and case and clains. From the lower courts resent order clear back to ineffective assistance of my legal counsels and my double jeperday case at all levels. Failure to appoint counsel wuld deminish my rights and pentilize me of my right to secure a fair review of the facts and protect my rights as given by the Constitution of the United States and the Constitution of the State of Ohio.

I recently read an artical in an old issue of Prison Legal News and I found it interesting especially as it pertains directly to my request before this court. In discussing the discretionary "may" language in section 3006(A) (a) (2) (B)'s predecessor provision, the congressional report on dthe provision states that the word "should" appoint counsel when "necessary to insure a fair hearing." H.p. rep.. No 1546, 91st Cong., 2d Sess. (1970) reprinted in 1970 U.S. Code Cong. @ andm. and News 3982, 3993. Justice Frankfurted, in his dissenting opinion in DARR V. BURFORD, 339 U.S 200; 70 S. Ct. 587 over fifty years ago, made the derse statement that:

> "The great writ of liberty, ought not be treated as though we were playing a game. Experience has established that the appointment of counsel to represent a Pro Se petitioner is by far the most effective step that may be taken to protect against 'playing games' in a proceeding before a court.

I suggest this insight exhibited by Justice Frankfurter along with the fact Civil and Constitutional rights are at stake. I'm asking for appointment of counsel to keep the process moving smoothly and correctly. And to assure me and the courts findly get a fair and justice hearing on the true issues in the case. My cry is for justice before a justice and unbias court. I have had at no expense to me attornys such as Mike Allen and Law Schools of international reputation review my transcript and they all agree there are issues of Constitutional merit that should be heard. But I'm no attorney and do not have the experience or knowledge of the law to do so.

I plead with this honorable court to not denie me justice and appoint me legal counsel to finally bring truth and justice before this court.

I have enclosed a Affidavit of Indigency as further support of my need.

Respectfully

Earl Ingels Pro Se
362-813
W.C.I.
P.O. Box 120
Lebanon, Ohio 45036

## AFFIDAVIT OF INDIGENCY

STATE OF OHIO )
) SS:
COUNTY OF WARREN )

I, Earl Ingels, a United States citizen and affiant herein, after being duly cautioned and sworn, depose and say:

(1) That I am currently incarcerated at the Warren Correctional Institution;

(2) That I do not have the funds or monies to pay the costs within this action;

(3) That I firmly believe that I am entitled to the relief requested;

(4) That I am not represented by an attorney of law to undertake this task for me so I must proceed in *Pro Se*;

(5) That I am indigent as defined by the Ohio Revised Code;

(6) That all of the averments and statements contained herein are true and correct to the best of my knowledge and belief.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Affiant Herein

Sworn and subscribed to in my presence, a Notary Public, on this 6TH day of July, 2005.

_____
Notary Public

**David C. Combs Jr.
Notary Public
My Commission Expires:** 6/28/09

12