No. 07-3166

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

EARL INGELS,                              )
                                          )                    AUG 2 7 2007
    Petitioner-Appellant,             )
                                          )          LEONARD GREEN, Clerk
v.                                        )          O R D E R
                                          )
WANZA JACKSON, Warden,                    )     1:00-cv-1003
                                          )
    Respondent-Appellee.              )
                                          )

07 AUG 28  PM 1: 32

 

Earl Ingels, a pro se Ohio prisoner, appeals a district court order dismissing his Fed. R. Civ. P. 60(b) motion for relief from a judgment denying his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The notice of appeal is construed as an application for a certificate of appealability (COA). *See* Fed. R. App. P. 22(b). Ingels has also filed a motion to proceed in forma pauperis.

An Ohio jury convicted Ingels of four counts of kidnaping, two with specifications of sexual motivation; two counts of gross sexual imposition; one count of abduction and one count of attempted abduction. He was sentenced to a total of 44 years and six months in prison. The Ohio Court of Appeals affirmed his convictions on direct appeal in 1999, and Ingels did not appeal to the Ohio Supreme Court.

In December 2000, Ingels filed a § 2254 habeas petition, raising claims of prosecutorial misconduct and ineffective assistance of trial counsel. On March 31, 2003, the district court terminated the case from the court's active docket and stayed the action so that Ingels could exhaust

his remedies in state court. After Ingels exhausted his state remedies, the district court reinstated his case on its active docket and permitted Ingels to file an amended habeas petition. In this petition, Ingels raised the following grounds for relief: 1) he was denied effective assistance of appellate counsel; 2) he was denied effective assistance of trial counsel; 3) his conviction was based on evidence obtained during an unconstitutional search and seizure; 4) the trial court failed to ensure that all sidebar conferences were on the record; 5) the trial court abused its discretion in failing to order separate trials for each count that arose from a different set of facts involving eight different women; 6) the trial court abused its discretion in allowing the prosecution to call witnesses during the defense's case in chief; 7) the trial court erred in allowing "highly prejudicial" evidence to be admitted; and 8) the trial court abused its discretion when it admitted, without proper foundation, certain medical reports and lab tests.

A magistrate judge recommended denying the petition on the basis that Ingels had not presented any of his grounds to the Ohio courts, with the exception of his ineffective assistance of appellate counsel claim, and Ingels had not shown cause for his procedural default or actual prejudice as a result of this error so that the merits of his claims could be addressed. The magistrate judge recommended denying a COA and denying Ingels leave to appeal in forma pauperis and notified all parties that objections to the report were to be filed within 10 days after being served. No objections were filed, and the district court adopted the report in its entirety, denying the petition on June 23, 2004.

On June 2, 2006, almost two years after the district court's order was filed, Ingels filed a motion for relief from judgment under Fed. R. Civ. P. 60(b), contending that his counsel who was representing him in his federal habeas matter had not informed him when the magistrate judge's report was issued and was ineffective in failing to file objections or instruct him on this procedural requirement. Ingels also argued that a letter he sent to the district court in 2004 should have been construed as a formal filing to trigger the appeals process in this matter. The district court construed the latter claim as a request for relief under Rule 60(b)(3), and rejected the claim on the basis that

it was barred by the one-year period set forth in that rule. The district court dismissed this remaining claim as meritless and denied the petitioner's request for a COA.

The petitioner's Rule 60(b) motion is subject to the requirement of 28 U.S.C § 2253(c)(1)(A) so that he must obtain a COA to appeal from his motion arising out of his § 2254 habeas proceeding. *See United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007). An individual seeking a certificate of appealability is required to make a substantial showing of the denial of a federal constitutional right. *See* 28 U.S.C. § 2253(c)(2); *cf. Barefoot v. Estelle,* 463 U.S. 880, 893 (1983). A petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot*, 463 U.S. at 893 n.4).

For the reasons stated by the district court, the petitioner has failed to make the required showing of the denial of a federal constitutional right; the district court's decision is not debatable amongst jurists of reason. Accordingly, the application for a COA is denied, and the motion for in forma pauperis status is denied as moot.

ENTERED BY ORDER OF THE COURT

*Leonard Green*

Clerk